1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

ANGEL RIVERA,                          )   Case No. CV 12-10595-CAS (DTB)
                                       )
                    Petitioner,        )
            vs.                        )   ORDER TO SHOW CAUSE
                                       )
R. BARNES, Warden,                     )
                                       )
                    Respondent.        )
                                       )
_____        )

17    On December 11, 2012, petitioner filed a Petition for Writ of Habeas Corpus
18  by a Person in State Custody herein.   The Petition purports to be directed to
19  petitioner's underlying 2010 judgment of conviction in Los Angeles County Superior
20  Court.  Petitioner purports to raise five grounds for relief in the Petition.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the courts of the State.[1]   Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions.  See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).  The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per

---

[1]   The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

1  curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L.

2  Ed. 2d 119 (1987).

3        Here, it appears from the face of the Petition that petitioner has not exhausted

4  his state remedies with respect to any of the five grounds raised in the Petition, as it

5  appears that he has failed to present any of these claims to the California Supreme

6  Court prior to filing the instant Petition.  Although petitioner indicates that he directly

7  appealed his underlying judgment of conviction to the California Court of Appeal,

8  and thereafter filed a Petition for Review with the California Supreme Court (see Pet.

9  at 3), he appears to have raised entirely new claims in the instant Petition.  Indeed, in

10 response to the question on the form asking whether he raised each claim on either

11 direct appeal to the California Court of Appeal, in a Petition for Review to the

12 California Supreme Court, or in a habeas petition to the California Supreme Court,

13 petitioner checked the "no" box for each.  Further, according to the California

14 Appellate Courts website,[2] petitioner has filed no habeas petitions in the California

15 Supreme Court.

16       If it were clear that the California Supreme Court would hold that petitioner's

17 unexhausted claims directed to the 2010 conviction were procedurally barred under

18 state law, then the exhaustion requirement would be satisfied.[3]  See Castille v.

19 Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson,

20 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).

21

22       [2]     http://www.courts.ca.gov/courtsofappeal.htm

23

24       [3]     In that event, although the exhaustion impediment to consideration of
25 petitioner's claims on their merits would be removed, federal habeas review of the
   claims would still be barred unless petitioner could demonstrate "cause" for the
26 default and "actual prejudice" as a result of the alleged violation of federal law, or
27 demonstrate that failure to consider the claims would result in a "fundamental
   miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct.
28 2546, 115 L. Ed. 2d 640 (1991).

However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to the 2010 conviction are procedurally barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009).  The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims.  The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  A petition containing solely unexhausted claims must be dismissed.  See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

/ / /

/ / /

/ / /

4

Accordingly, on or before **January 21, 2013**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies.

DATED: December 21, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5